# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO ALVE, CDCR #B-77176,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>D. EDWARDS; R. SILVAS; J. SIGLER; J. ESPINOZA,<br><br>　　　　　　　　Defendants. | Civil No.   10-1389 DMS (POR)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO  28 U.S.C. § 1915A** |

## I.

### PROCEDURAL HISTORY

On July 1, 2010, Alejandro Alve, a state inmate currently incarcerated at Calipatria State Prison located in Calipatria, California, submitted a civil action pursuant to 42 U.S.C. § 1983. In addition, Plaintiff filed a "Motion to Proceed *In Forma Pauperis*" which was denied by the Court due to sufficient funds in his inmate trust account. *See* July 14, 2010 Order at 2. Plaintiff has now filed the required $350.00 initial civil filing fee in order to proceed in this matter.

On August 11, 2010, the Court conducted a sua sponte screening and dismissed Plaintiff's Complaint for failing to state a claim upon which relief could be granted. *See* Aug. 11, 2010

1  Order at 4-5. Plaintiff was granted leave to file a First Amended Complaint in order to correct
2  the deficiencies of pleading identified by the Court. *Id.* On August 31, 2010, Plaintiff filed his
3  First Amended Complaint ("FAC").

## II.

### SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. § 1915A(b)

As the Court previously informed Plaintiff, the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c). The Court must sua sponte dismiss prisoner complaints, or any portions thereof, which are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000).

### A. Constitutional Claims

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

### B. Fourteenth Amendment Due Process Claims - Disciplinary Hearing

Plaintiff, once again, alleges his due process rights were violated when he was subjected to a disciplinary hearing wherein he was found guilty of having contraband. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).

However, the Supreme Court has significantly limited the instances in which due process can be invoked. Pursuant to *Sandin v. Conner*, 515 U.S. 472, 483 (1995), a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484 (citations omitted); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).

In this case, Plaintiff has failed to establish a liberty interest protected by the Constitution because he has not alleged, as he must under *Sandin*, facts related to the conditions or consequences of his disciplinary hearing which show "the type of atypical, significant deprivation [that] might conceivably create a liberty interest." *Id.* at 486. For example, in *Sandin*, the Supreme Court considered three factors in determining whether the plaintiff possessed a liberty interest in avoiding disciplinary segregation: (1) the disciplinary versus discretionary nature of the segregation; (2) the restricted conditions of the prisoner's confinement and whether they amounted to a "major disruption in his environment" when compared to those shared by prisoners in the general population; and (3) the possibility of whether the prisoner's sentence was lengthened by his restricted custody. *Id.* at 486-87.

Therefore, to establish a due process violation, Plaintiff must first show the deprivation imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 483-84. The exhibits attached to Plaintiff's First Amended Complaint indicates that he was temporarily placed for thirty (30) days in privilege group "C." *See* FAC, Rules Violation Report dated May 19, 2010. There are simply no facts to show that a thirty day placement in privilege group "C" is "atypical or significant." As the Court previously informed Plaintiff, he must allege "a dramatic departure from the basic conditions" of his confinement that would give rise to a liberty interest before he can claim a violation of due process. *Sandin*, 515 U.S. at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998). He has not; therefore the Court finds that Plaintiff has failed to allege a liberty interest, and thus, has failed to state a due process claim. *See May*, 109 F.3d at 565; *Hewitt*, 459 U.S. at 466; *Sandin*, 515 U.S. at 486 (holding that placing

an inmate in administrative segregation for thirty days "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest.").

### C. Fourteenth Amendment Due Process Claims - Grievance Procedures

In addition, to the extent Plaintiff challenges the procedural adequacy of CDCR inmate grievance procedures, his First Amended Complaint fails to state a due process claim. *See* 28 U.S.C. § 1915A(b)(1); *Resnick*, 213 F.3d at 446. This is because the Ninth Circuit has held that prisoners have no protected *property* interest in an inmate grievance procedure arising directly from the Due Process Clause. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (finding that the due process clause of the Fourteenth Amendment creates "no legitimate claim of entitlement to a [prison] grievance procedure"); *accord Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (1995); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Thus, Plaintiff's entire First Amended Complaint must be dismissed for failing to state a claim upon which section 1983 relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

## III.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

Plaintiff's First Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS SO ORDERED.**

DATED: November 19, 2010

_____
HON. DANA M. SABRAW
United States District Judge